EDGAR LEE MOBLEY, JR. AND SOPHIA O. MOBLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mobley v. Commissioner
Docket No. 27967-89
United States Tax Court
T.C. Memo 1993-60; 1993 Tax Ct. Memo LEXIS 59; 65 T.C.M. (CCH) 1939; February 22, 1993, Filed *59 Decision will be entered for respondent. R determined deficiencies and additions to tax against Ps with respect to deductions claimed for charitable contributions made to their congregation of the Universal Life Church. Those contributions, placed in an account over which Ps had exclusive control, were used to pay Ps' personal expenses. The normal 3-year statute of limitations having run, R contends that assessment and collection of the deficiencies and additions to tax are not time barred since, for the years in issue, Ps filed fraudulent returns with the intent to avoid tax. 1. Held: The assessment and collection of R's deficiency determinations are not barred by the statute of limitations since R has established, by clear and convincing evidence, that Ps intentionally sought to avoid the payment of taxes known to be owing. 2. Held, further, sec. 6653(b), I.R.C., additions to tax for fraud are sustained against petitioner husband with respect to his taxable years 1979 through 1981. 3. Held, further, sec. 6653(b)(1) and (2), I.R.C., additions to tax for fraud are sustained against petitioner husband for his 1982 taxable year. 4. Held, further *60 , sec. 6661, I.R.C., addition to tax for substantial understatement of liability is sustained against Ps for their 1982 taxable year. Edgar Lee Mobley, Jr., pro se. For respondent: W. Robert Abramitis and Eli J. Dicker. HALPERN
HALPERN
MEMORANDUM OPINION HALPERN, Judge: By notice of deficiency dated June 14, 1989, respondent determined deficiencies and additions to tax against petitioners as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1979
$ 9,340
$ 4,670
--  --
--  1980
10,773
6,010
--  --
--  1981
20,528
10,264
--  --
--  1982
11,210
--  $ 5,063
[1] $ 2,531
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues remaining for decision are: (1) Whether the statute of limitations bars the assessment and collection of *61 deficiencies for the years in question, (2) whether petitioners are subject to additions to tax for fraud for all such years, and (3) whether petitioners are subject to an addition to tax for substantial understatement of liability under section 6661 for their 1982 taxable year. Background
Some of the facts have been stipulated and are so found. The stipulation of facts filed by the parties and attached exhibits are incorporated herein by this reference. It is stipulated that, at the time the petition and amended petition in this case were filed, petitioners "resided" in Berlin, Germany, but "had legal residence" in Merritt Island, Florida. Petitioners are husband and wife, who, for the years in issue, made a joint return of income, computed on the basis of a calendar year. Hereinafter, when used in the singular, the term "petitioner" refers only to petitioner Edgar Lee Mobley, Jr. The focus of this case is petitioner's involvement with the Universal Life Church (ULC). This Court has on numerous occasions dealt with the tax consequences to individuals of dealing with ULC. See, e.g., Davis v. Commissioner, 81 T.C. 806 (1983), and cases cited *62 therein at n.12, affd. without published opinion 767 F.2d 931 (9th Cir. 1985); Peterson v. Commissioner, T.C. Memo. 1991-399; Marinovich v. Commissioner, T.C. Memo. 1985-432. During 1978, petitioner was employed as a pilot by Pan American World Airways, Inc. In May of that year, he became a minister of the ULC. In June of that year, petitioners opened a checking account in the name of ULC at the Sun Bank of Cocoa, Cocoa, Florida. Petitioner signed the signature card as pastor, while Mrs. Mobley signed the card as treasurer. The address used for the congregation was petitioners' home in Merritt Island, Florida. During the years in issue, petitioners made numerous deposits to their ULC account, for which they claimed charitable deductions on their income tax returns. Those same deposits were then used by petitioners to pay personal expenses, such as utilities, guns, boats, and school tuition for their children. Petitioner carried his "ministry" to others, soliciting charitable contributions in exchange for college scholarships. In short, solicitees would make "contributions" to petitioner's *63 ULC bank account. Petitioner would then subtract a service charge and issue a check to pay tuition for the solicitee's child. The checks normally would contain the notation "scholarship". Certain of petitioner's activities with regard to the ULC gave rise to his indictment, in 1980, on one count of conspiracy to defraud the United States and three counts of income tax evasion. Petitioner was convicted of the conspiracy count of the indictment for violating 18 U.S.C. section 371. The tax evasion charges were never brought to trial. The conspiracy count involved petitioner's activities in soliciting charitable contributions in exchange for college scholarships. The count charges that, from August 1979 until September 1983, petitioner and one John Leonard White: did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with * * * [others] to defraud the United States by impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service * * * in the ascertainment, computation, assessment, and collection of the revenue; to wit, income taxes.
The manner and *64 means by which the conspiracy was carried on are described in the indictment, in part, as follows: 6. To enable defendant JOHN LEONARD WHITE to claim as an apparent charitable deduction to the U.L.C. funds which were intended to be used to pay the college education expenses of defendant JOHN LEONARD WHITE'S daughters, defendant JOHN LEONARD WHITE sent to defendant EDGAR LEE MOBLEY, JR., during 1979, 1980, and 1981 $ 21,366.40 in checks payable to the U.L.C. 7. To permit the sham deduction as a charitable contribution defendant EDGAR LEE MOBLEY, JR., provided defendant JOHN LEONARD WHITE with receipts that these funds were contributions to the U.L.C. 8. Pursuant to the agreement between defendants EDGAR LEE MOBLEY, JR., and JOHN LEONARD WHITE, defendant EDGAR LEE MOBLEY, JR., used all but approximately five percent of the $ 21,366.40 of funds sent by defendant JOHN LEONARD WHITE to pay the college expenses of defendant JOHN LEONARD WHITE's daughters, Susan and Kelly White. * * * 11. Defendants EDGAR LEE MOBLEY, JR., and JOHN LEONARD WHITE made false statements and representations to agents of the Internal Revenue Service in order to conceal the true purpose of the $ 21,366.40 *65 of funds that defendant JOHN LEONARD WHITE sent to EDGAR LEE MOBLEY during 1979, 1980, and 1981 in the form of checks payable to the U.L.C.
Overt acts in furtherance of the conspiracy are alleged in the indictment, in part, as follows: 12. On or about August 21, 1979, defendants EDGAR LEE MOBLEY, JR., and JOHN LEONARD WHITE agreed that, to falsely create the appearance of a charitable contribution, JOHN LEONARD WHITE would send to EDGAR LEE MOBLEY, JR., checks payable to the U.L.C., that defendant EDGAR LEE MOBLEY, JR., would issue or cause to be issued a U.L.C. donation receipt for these funds, and that defendant EDGAR LEE MOBLEY, JR., would use those funds, minus an appropriate five percent fee, to pay the college related expenses of defendant JOHN LEONARD WHITE's daughters, Susan and Kelly White. * * * 18. On or about August 12, 1983, at Orlando, Florida, defendant EDGAR LEE MOBLEY, JR., made the following statement to Internal Revenue Service Criminal Investigation Division Agents Richard Hooks and Paul Lester which statement defendant EDGAR LEE MOBLEY, JR., knew to be false and misleading: that there was no connection between donations or contributions to the U.L.C. *66 and receipt of a U.L.C. "scholarship", or words to that effect.
Upon his conviction, petitioner was sentenced to 5 years' incarceration, suspended to 6 months, along with 5 years' probation and the payment of a monetary fine. Discussion
Respondent has determined deficiencies and additions to tax against petitioners for the years 1979 through 1982. Those deficiencies result from respondent's disallowance of petitioners' deductions for contributions allegedly made to ULC during the years in issue. Petitioners concede respondent's disallowance of such deductions and the calculation of the resulting deficiencies. Nevertheless, petitioners argue that assessment and collection of the adjustments for the years in issue are time barred by the statute of limitations. Respondent agrees that the normal 3-year statute of limitations under section 6501(a) has expired with regard to petitioners' 1979 through 1982 taxable years. She contends, however, that the taxable years in issue remain open because petitioners filed false and fraudulent returns with the intent to evade taxes. See sec. 6501(c)(1). If that is so, then: (1) Under section 6501(c)(1), the statute of limitations *67 will not bar the assessment and collection of the deficiencies conceded to be owing for the years in issue, and (2) petitioners will be subject to section 6653(b) additions to tax for 1979 through 1981 and section 6653(b)(1) and (2) and section 6661 additions to tax for 1982. Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). While under section 6653(b) fraud must be determined with respect to each spouse separately, the rules for extending the statute of limitations in section 6501 do not require separate proofs or delineation of income between the spouses. See, e.g., Vannaman v. Commissioner, 54 T.C. 1011, 1018 (1970) (re: sec. 6501); Allen v. Commissioner, T.C. Memo. 1986-125 (same). The elements of fraud that respondent must prove under section 6501(c)(1) are the same elements essential for a finding of fraud under section 6653(b). Lerch v. Commissioner, 877 F.2d 624 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Estate of Temple v. Commissioner, 67 T.C. 143, 159-160 (1976); *68 McGee v. Commissioner, 61 T.C. 249, 256-257, 261 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). These elements are: (1) That an underpayment of tax exists, and (2) that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Parks v. Commissioner, 94 T.C. 654, 660-661 (1990). Petitioners' concession that respondent's calculations of deficiencies are correct makes unnecessary any further consideration by us with regard to the first element, which we find to be satisfied. We thus restrict ourselves to the second element, which, for the reasons stated, we also find to be satisfied. Since direct proof of a taxpayer's intent rarely can be obtained, generally fraud must be proven by circumstantial evidence and reasonable inferences drawn from such evidence. Grosshandler v. Commissioner, 75 T.C. 1, 19 (1980); Stratton v. Commissioner, 54 T.C. 255, 284 (1970), modified on another issue 54 T.C. 1351 (1970). Intent is to be determined *69 at the time the return is filed and not at some later date. Gleis v. Commissioner, 24 T.C. 941, 952 (1955), affd. 245 F.2d 237 (6th Cir. 1957). Petitioner, an obviously intelligent and well-educated individual, was convicted of conspiracy to defraud the Government, 18 U.S.C. sec. 371, by virtue of his activities with respect to the ULC scholarship scheme. Petitioner was charged with, and convicted of, "willfully and knowingly" conspiring to defraud the United States. The grand jury charged that petitioner provided his co-conspirator receipts to permit the co-conspirator to claim a "sham deduction" for a purported charitable contribution; further, petitioner was charged with having lied to the Internal Revenue Service with regard to that scheme. Overt acts charged included falsely creating the appearance of a charitable deduction and falsely stating to agents of the Internal Revenue Service that there was no connection between donations to the ULC and the receipt of a ULC "scholarship". The record before us makes clear that petitioner himself engaged in virtually the same behavior with *70 respect to the tuition payments made on behalf of his own children. Petitioner's conviction for activities in violation of 18 U.S.C. section 371 does not collaterally estop him from challenging respondent's allegation of civil fraud. Nevertheless, petitioner's conviction of conspiracy to defraud the Government with regard to his actions on behalf of Mr. White creates a powerful inference that petitioner possessed an equal willfulness and knowledge with respect to the identical scheme undertaken on his own behalf during roughly the same time period. Based on that inference we conclude that respondent has met her burden of proving fraudulent intent by clear and convincing evidence. An underpayment did indeed exist during the years in issue, and petitioner did intend to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Given such a finding of fraud, section 6501(c)(1) extends the statute of limitations indefinitely and allows respondent to assess and collect the deficiencies conceded by petitioners to be owing. Moreover, we sustain respondent's additions to tax for fraud under *71 section 6653(b) against petitioner for his taxable years 1979 through 1981 and under section 6653(b)(1) for his 1982 taxable year. We cannot differentiate between "contributions" to ULC used for "scholarship" purposes for petitioner's children and "contributions" used for other personal purposes. As a result, we believe that the whole of all underpayments, for each year, is due to fraud. Accordingly, we also sustain respondent's additions to tax under section 6653(b)(2) against petitioner for the 1982 taxable year. Section 6653(b) requires that an addition to tax for fraud must be proven with respect to each spouse separately. Respondent has introduced no evidence directly demonstrating that petitioner Sophia Mobley acted with fraudulent intent. We will not infer such activity from the evidence presented in support of respondent's case against petitioner. Consequently, we do not sustain any determination of an addition to tax for fraud as against petitioner Sophia Mobley. Webster v. Commissioner, T.C. Memo. 1992-220. Since petitioners' only defense in regard to the section 6661 addition to tax for substantial understatement of liability determined *72 for their 1982 taxable year is that the statute of limitations bars its collection, we further sustain respondent's section 6661 addition to tax. Decision will be entered for respondent. Footnotes
1. 50 percent of interest due on $ 9,359.↩