T.C. Memo. 2003-235


UNITED STATES TAX COURT


STEPHEN C. CARTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 372-98.                    Filed August 7, 2003.


Stephen C. Carter, pro se.

<u>Francis C. Mucciolo</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether petitioner is liable for deficiencies, additions to tax for fraud, and a fraud penalty.


FINDINGS OF FACT

Petitioner filed his 1986 and 1987 income tax returns on March 10, 1989, 1988 return on October 20, 1989, and 1989 return sometime after August 15, 1990. On September 30, 1997, respondent determined deficiencies relating to 1986 through 1989; additions to tax for fraud, pursuant to section 6653(b)[1], relating to 1986, 1987, and 1988; and a fraud penalty, pursuant to section 6663, relating to 1989.

From 1984 through 1990, petitioner worked for Stuart-James Company, Inc. (Stuart-James) in Tampa, Florida. Petitioner started as an assistant manager, was then promoted to manager, and from 1985 through 1990 was regional vice president responsible for 14 branch offices and approximately 300 sales representatives. Because of his significant management responsibilities and demanding travel schedule, petitioner relied heavily on staff to manage his affairs. In the late 1980s, he hired Francis Pisano, a certified public accountant and tax attorney, and Kristine Grace DeFillippis, a secretary. Petitioner agreed to pay 3 percent of his income to Mr. Pisano. In exchange, Mr. Pisano was responsible for managing petitioner's business and personal financial matters and preparing petitioner's 1986 through 1989 returns. Ms. DeFillippis managed petitioner's administrative (e.g., reimbursement of petitioner's

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

travel expenses) and personal matters (e.g., she corresponded with Mr. Pisano regarding the filing of petitioner's 1986 through 1989 returns and gave Mr. Pisano copies of petitioner's reimbursement expense checks relating to 1988 and 1989).

In the mid-1980s, petitioner established and funded an account in the name of his friend, Gina M. Oliva (Oliva account). Petitioner used this account to purchase and sell Stuart-James' initial public offerings. These trades were against company policy and in 1986 and 1987 produced capital gain income of $15,315 and $136, respectively. Petitioner did not disclose the Oliva account to Mr. Pisano or report the capital gain income on his 1986 and 1987 returns.

Petitioner, on the Schedule C, Profit or Loss From Business, accompanying his 1986, 1987, 1988, and 1989 returns, deducted total travel and entertainment expenses of $33,963, $79,726, $95,798, and $64,494, respectively. These returns did not reflect $153,711 of travel and expense reimbursements received from Stuart-James from 1986 through 1989. In 1989, petitioner received, but did not report on his 1989 return, a pension distribution of $105,341.

In 1995, petitioner was indicted for tax evasion, pursuant to section 7201, relating to 1986 through 1989, and was convicted of tax evasion relating to 1989. The conviction was subsequently

affirmed on appeal and became final.

Petitioner, while residing in Tampa, Florida, timely filed a petition on January 2, 1998.

                              OPINION

On September 30, 1997, respondent determined petitioner's tax liability relating to 1986, 1987, 1988, and 1989. Petitioner concedes that he underpaid his 1986 through 1989 taxes, but contends that the liabilities were determined after the 3-year period of limitations set forth in section 6501(a). Respondent contends that the determinations are timely because petitioner's underpayments of tax are due to fraud and thus are not subject to the 3-year limitation period. Sec. 6501(c)(1).

Respondent did not establish by clear and convincing evidence that petitioner was liable for fraud.[2] Sec. 7454(a); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990). To the contrary, petitioner established that he did not intend to evade tax, but was negligent and inattentive regarding his record keeping and tax filing obligations. See Gajewski v. Commissioner, 67 T.C. 181, 199 (1976) (stating that the existence of fraud is a question of fact to be determined upon

---

[2] Secs. 6501(c)(1), 6653(b), and 6663 all require the same elements for respondent to establish fraud. See Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 548 (2000); Mobley v. Commissioner, T.C. Memo. 1993-60, affd. without published opinion 33 F.3d 1382 (11th Cir. 1994).

consideration of the entire record), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Petitioner relied on Mr. Pisano to accurately prepare his returns and believed that the travel and entertainment expense reimbursements had been taken into account. See Marinzulich v. Commissioner, 31 T.C. 487, 490 (1958) (holding that a petitioner's reliance upon his accountant to prepare an accurate return may indicate an absence of fraudulent intent). With respect to petitioner's use of the Oliva account, he intended to circumvent company, rather than tax, rules. Accordingly, respondent's determinations relating to 1986, 1987, and 1988 are barred. Respondent's determination relating to 1989, however, is sustained because petitioner's conviction, pursuant to section 7201, estops him from challenging respondent's fraud determination relating to that year. Blohm v. Commissioner, 994 F.2d 1542, 1544 (11th Cir. 1993), affg. T.C. Memo. 1991-636.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

_for petitioner as to the 1986, 1987, and 1988 taxable years and for respondent as to the 1989 taxable year_.