T.C. Memo. 2016-231

UNITED STATES TAX COURT

NATHAN A. PEAKE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1387-15.                    Filed December 21, 2016.

Nathan A. Peake, pro se.

William J. Gregg, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge: This case is before us on respondent's motion to dismiss for lack of prosecution (respondent's motion). We shall grant respondent's motion.

**[\*2]**                                      <u>Background</u>

Many of the facts are deemed established pursuant to Rule 90(c).[1]  The record establishes and/or petitioner does not dispute certain other facts.

Petitioner resided in Maryland at the time he filed the petition.

At a time not established by the record, petitioner formed (1) Peake Management Group (PMG) to represent professional athletes, (2) Peake Enterprises (PE) to provide his personal services to professional athletes, and (3) Peake Construction.

During petitioner's taxable years 2002, 2003, 2004, 2005, 2006, and 2007, the years at issue, petitioner received the following amounts of taxable income from PE:

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code (Code) in effect for the years at issue.

[*3]

| Year | Amount |
|------|--------|
| 2002 | $728,811.45 |
| 2003 | 773,000.00 |
| 2004 | 971,995.30 |
| 2005 | 688,964.35 |
| 2006 | 550,444.80 |
| 2007 | 549,000.00 |
| Total | 4,262,215.90 |

Petitioner's total income for each of the years at issue (shown above) consisted of (1) cash withdrawals from PE (cash withdrawals), (2) checks issued and/or account transfers from PE to petitioner, petitioner's family, and/or third parties on petitioner's behalf (checks issued and/or account transfers), and/or (3) distributions from PE to petitioner and/or Peake Construction that were labeled loans (purported loans).

Petitioner did not have any Federal income tax (tax) withheld for any of his taxable years 2002, 2003, 2004, 2005, 2006, and 2007. Nor did petitioner make any estimated tax payments with respect to any of those years.

With respect to the cash withdrawals, during petitioner's taxable years 2002, 2003, 2004, 2005, 2006, and 2007, petitioner received taxable income as a result

[*4] of the following cash withdrawals from PE, each one of which was in an amount less than $10,000:

| Year | Number of Cash Withdrawals | Total Amount |
|------|----------------------------|--------------|
| 2002 | 47 | $247,950 |
| 2003 | 30 | 241,500 |
| 2004 | 10 | 81,500 |
| 2005 | 44 | 371,205 |
| 2006 | 32 | 239,425 |
| 2007 | 2 | 16,000 |
| Total | 165 | 1,197,580 |

PE did not issue to petitioner for any of petitioner's taxable years at issue Form W-2, Wage and Tax Statement (Form W-2), or Form 1099-MISC, Miscellaneous Income (Form 1099-MISC), with respect to any of petitioner's cash withdrawals.

With respect to the checks issued and/or account transfers, during 2002 until at least October 15, 2006, PMG earned income from its clients in the form of management fees (PMG income). During that same period, petitioner directed (1) PMG to record in PMG's books and records only the expenses associated with earning the PMG income; (2) PE to record the PMG income in PE's books and records; (3) PE to pay that PMG income to petitioner, petitioner's spouse, and/or

[*5] third parties on petitioner's behalf through the issuance of checks; and (4) PE to designate in PE's books and records those payments of PMG income to petitioner, petitioner's spouse, and/or third parties on petitioner's behalf as "Consulting fees".  During petitioner's taxable years 2002, 2003, 2004, 2005, 2006, and 2007, petitioner received taxable income as a result of the following checks issued and/or account transfers from PE to petitioner, petitioner's family, and/or third parties on petitioner's behalf:

| Year | Checks Issued and/or Account Transfers |
|------|----------------------------------------|
| 2002 | $480,861.45 |
| 2003 | 531,500.00 |
| 2004 | 860,495.30 |
| 2005 | 308,759.35 |
| 2006 | 278,519.80 |
| 2007 | 385,500.00 |
| Total | 2,845,635.90 |

PE did not issue to petitioner for any of petitioner's taxable years at issue Form W-2 or Form 1099-MISC with respect to any of the checks issued and/or account transfers.

With respect to the purported loans, during petitioner's taxable years 2002, 2003, 2004, 2005, 2006, and 2007, petitioner received taxable income as a result

[*6] of the following distributions from PE to petitioner and/or Peake

Construction that were labeled loans:

| Year | Purported Loans |
|------|-----------------|
| 2002 | -0- |
| 2003 | -0- |
| 2004 | $30,000 |
| 2005 | 9,000 |
| 2006 | 32,500 |
| 2007 | 147,500 |
| Total | 219,000 |

PE did not issue to petitioner for any of petitioner's taxable years at issue

Form W-2 or Form 1099-MISC with respect to any of petitioner's purported loans.

Petitioner filed Form 1040, U.S. Individual Income Tax Return (return), for

his taxable year 2000 (2000 return). As of the time of the evidentiary hearing in

this case (discussed below), petitioner had not filed any return after he filed his

2000 return.[2]

---

[2]In 2003, petitioner hired a certified public accountant (C.P.A.) to prepare
one or more of his returns. Although that C.P.A. prepared a return for at least one
of petitioner's taxable years 2003, 2004, 2005, or 2006, petitioner did not file a
return for any taxable year after taxable year 2000.

**[*7]** On March 17, 2011, petitioner entered into a plea agreement in the U.S. District Court for the District of Columbia (U.S. District Court) in which he pleaded guilty to tax evasion under section 7201 with respect to his taxable year 2004. In that plea agreement, petitioner also pleaded guilty to conspiracy to commit bank and wire fraud under 18 U.S.C. sec. 371. On October 31, 2011, the U.S. District Court, inter alia, sentenced petitioner to 36 months in prison with two years of supervised release.

Respondent issued a notice of deficiency (notice) to petitioner with respect to his taxable years 2002, 2003, 2004, 2005, 2006, and 2007. In that notice, respondent determined the following deficiencies in, and additions under sections 6651(a)(2) and (f) and 6654(a) to, petitioner's tax:

| | | Additions to Tax Under | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(2) | Sec. 6651(f) | Sec. 6654(a) |
| 2002 | $265,186 | $66,296.50 | $192,259.85 | $8,861.74 |
| 2003 | 256,491 | 64,122.75 | 185,955.98 | 6,617.78 |
| 2004 | 325,822 | 81,455.50 | 236,220.95 | 9,337.11 |
| 2005 | 226,419 | 56,604.75 | 164,153.78 | 9,082.03 |
| 2006 | 177,094 | 44,273.50 | 128,393.15 | 8,380.79 |
| 2007 | 175,984 | 43,996.00 | 127,588.40 | 8,009.54 |

**[*8]** In the notice, respondent also determined in the alternative to respondent's determination under section 6651(f) that petitioner is liable for an addition to tax under section 6651(a)(1).

From September 9, 2015, until early February 2016, respondent's counsel made repeated attempts to contact petitioner in order to prepare this case for trial and/or to attempt to settle it. Petitioner was completely unresponsive to those attempts.

This case was called from the calendar for the trial session that began on February 8, 2016, in Baltimore, Maryland (February 8, 2016 Baltimore trial session). Counsel for respondent appeared. There was no appearance by or on behalf of petitioner. Respondent filed respondent's motion.

This case was recalled for an evidentiary hearing with respect to respondent's motion.[3] Counsel for respondent appeared. There was no appearance by or on behalf of petitioner.

---

[3]It was at the request of respondent that we held an evidentiary hearing on February 8, 2016 (February 8, 2016 evidentiary hearing). At that hearing, respondent presented evidence for petitioner's taxable years 2002, 2003, 2004, 2005, 2006, and 2007 with respect to the respective additions to tax under sec. 6651(f) that respondent had determined for those years.

**[*9]**                                    Discussion

Petitioner bears the burden of proving error in respondent's deficiency determination and respondent's determinations under sections 6651(a)(2) and 6654(a) with respect to each of his taxable years 2002, 2003, 2004, 2005, 2006, and 2007.  See Rule 142(a).

On the record before us, we find that petitioner has failed to carry his burden of establishing any error in respondent's deficiency determination and respondent's determinations under sections 6651(a)(2) and 6654(a) with respect to each of his taxable years 2002, 2003, 2004, 2005, 2006, and 2007.  On that record, we sustain those determinations.

We address now respondent's determination that petitioner is liable for the addition to tax under section 6651(f) for fraudulent failure to file a return with respect to each of his taxable years 2002, 2003, 2004, 2005, 2006, and 2007.  In order for that addition to tax to apply, we must consider essentially the same matters that are involved in determining whether a taxpayer is liable for the fraud penalty under section 6663 and its predecessor provision, section 6653(b).  See Clayton v. Commissioner, 102 T.C. 632, 653 (1994).  Consequently, as is required for purposes of section 6663, the Commissioner of Internal Revenue (Commissioner) must prove by clear and convincing evidence for purposes of section

**[*10]** 6651(f) that an underpayment exists for the year in question and that the failure to file a return for that year was due to fraud. <u>See</u> secs. 7454(a), 6651(a)(1), (b)(1); Rule 142(b); <u>see also</u> <u>Clayton v. Commissioner</u>, 102 T.C. 632. The Commissioner is not required, however, to prove the precise amount of the underpayment. <u>E.g.</u>, <u>DiLeo v. Commissioner</u>, 96 T.C. 858, 873 (1991), <u>aff'd</u>, 959 F.2d 16 (2d Cir. 1992). To prove the existence of an underpayment, the Commissioner may not rely on a taxpayer's failure to carry his or her burden of proof with respect to the underlying deficiency. <u>E.g.</u>, <u>Parks v. Commissioner</u>, 94 T.C. 654, 660-661 (1990). Moreover, if the Commissioner establishes by clear and convincing evidence for purposes of section 6651(f) that any portion of an underpayment is attributable to fraud, the entire underpayment is to be treated as attributable to fraud, except with respect to any portion of the underpayment that the taxpayer establishes by a preponderance of the evidence is not attributable to fraud. <u>E.g.</u>, <u>Good v. Commissioner</u>, T.C. Memo. 2012-323, at *44.

On the record before us, we find that respondent has established by clear and convincing evidence that there is an underpayment of tax with respect to each of petitioner's taxable years 2002, 2003, 2004, 2005, 2006, and 2007.

In order to prove fraudulent intent, the Commissioner must prove by clear and convincing evidence that the taxpayer intended to evade tax, which the

**[\*11]** taxpayer believed to be owing, by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax.  E.g., Parks v. Commissioner, 94 T.C. at 661.  The existence of fraud is a question of fact to be resolved upon consideration of the entire record.  E.g., DiLeo v. Commissioner, 96 T.C. at 874.  Fraud is never presumed or imputed and should not be found in circumstances which create at most only a suspicion.  E.g., Petzoldt v. Commissioner, 92 T.C. 661, 699-700 (1989).  Direct evidence of the requisite fraudulent intent is seldom available.  E.g., id.  The Commissioner may prove fraud by circumstantial evidence.  E.g., Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

The courts have identified a number of so-called badges of fraud from which fraudulent intent may be inferred, including (1) the failure to maintain adequate books and records as required by the Code and the regulations, (2) dealing in cash, (3) acts designed to conceal income, (4) the failure to file a return, (5) the consistent and substantial understatement of income, (6) a conviction for tax evasion under section 7201, (7) a conviction for other illegal activity, (8) the failure to cooperate with the Commissioner's representatives, and (9) the failure to appear for trial.  See, e.g., Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Ruark v. Commissioner, 449 F.2d 311, 312-313 (9th Cir. 1971), aff'g per curiam T.C. Memo. 1969-48;

**[\*12]** <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 211 (1992); <u>Parks v. Commissioner</u>, 94 T.C. at 664-665; <u>Smith v. Commissioner</u>, 91 T.C. 1049, 1059-1060 (1988), <u>aff'd</u>, 926 F.2d 1470 (6th Cir. 1991); <u>McGee v. Commissioner</u>, 61 T.C. 249, 260 (1973), <u>aff'd</u>, 519 F.2d 1121 (5th Cir. 1975); <u>Tipton v. Commissioner</u>, T.C. Memo. 1994-624, 1994 WL 706704, at \*7; <u>Wilson v. Commissioner</u>, T.C. Memo. 1994-454, 1994 WL 483900, at \*6; <u>Mobley v. Commissioner</u>, T.C. Memo. 1993-60, 1993 WL 42836, at \*5, <u>aff'd without published opinion</u>, 33 F.3d 1382 (11th Cir. 1994); <u>Register v. Commissioner</u>, T.C. Memo. 1990-576, 1990 WL 168170.  Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia constitutes persuasive circumstantial evidence of fraud.  <u>E.g.</u>, <u>Petzoldt v. Commissioner</u>, 92 T.C. at 700.

In the present case, for the taxable years at issue (except as indicated below) petitioner (1) failed to maintain adequate books and records as required by the Code and the regulations; (2) received substantial cash withdrawals; (3) structured his cash withdrawals so that each such withdrawal was in an amount less than $10,000 in an attempt to avoid certain Federal reporting requirements; (4) knew that he was required to file returns but willfully did not file returns; (5) consistently and substantially understated income; (6) was convicted under section 7201 for tax evasion with respect to his taxable year 2004; (7) was

[*13] convicted under 18 U.S.C. sec. 371 for conspiracy to commit bank and wire fraud; (8) completely failed before the February 8, 2016 Baltimore trial session to cooperate with respondent's counsel in order to prepare this case for trial and/or to attempt to settle it; and (9) failed to appear at the call of this case from the calendar for the February 8, 2016 Baltimore trial session and at the recall of this case for the February 8, 2016 evidentiary hearing.

On the record before us, we find that respondent has established by clear and convincing evidence that petitioner intended to evade tax with respect to each of his taxable years 2002, 2003, 2004, 2005, 2006, and 2007, which he believed to be owing, by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax. On that record, we further find that respondent has established by clear and convincing evidence that petitioner is liable for the addition to tax under section 6651(f) for each of those years.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.